UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: JERRY WILLIAMS,<br><br>                Debtor. | Case No. 09-25224-PP<br>(Chapter 7) |
| WILLIAM T. NEARY,<br>United States Trustee,<br><br>                Plaintiff,<br>  v.<br><br>SALEENA WILKERSON<br>and A Z Business Solutions, L.L.C.<br><br>                Defendants. | Adversary No. 09- |

**COMPLAINT OF THE UNITED STATES TRUSTEE FOR
A DETERMINATION OF REASONABLE VALUE OF SERVICES,
FOR ASSESSMENT OF PENALTIES UNDER 11 U.S.C. §110,
AND FOR A PERMANENT INJUNCTION ENJOINING SALEENA WILKERSON AND
A Z BUSINESS SOLUTIONS, L.L.C.
FROM ACTING AS A BANKRUPTCY PETITION PREPARER**

NOW COMES William T. Neary, the United States Trustee for the Eastern District of Wisconsin, by Attorney Amy J. Ginsberg, who, pursuant to 11 U.S.C. § 110, moves this Court for a determination of the reasonable value of services, penalties, and a permanent injunction, and who in support thereof asserts as follows:

Attorney Amy J. Ginsberg
Office of the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
(414) 297-4499  Fax (414) 297-4478

## JURISDICTION

1. The Plaintiff is the United States Trustee for the Eastern District of Wisconsin, who files this motion under 11 U.S.C. § 110.

2. Venue for this proceeding is in the United States Bankruptcy Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1409(a).

3. This Court has jurisdiction to hear and determine this complaint pursuant to 28 U.S.C. § 157(b)(2)(A). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## **FACTS**

### A. Stephanie Williams and Jerry Williams

4. By November 2008, Mr. Williams and Ms. Williams had lived separately for several years but remained legally married.

5. In November 2008, Ms. Williams considered filing bankruptcy. She went to Saleena Wilkerson (Wilkerson) to prepare her bankruptcy petition, schedules and statement of financial affairs (bankruptcy documents).

6. Wilkerson obtained a copy of Ms. Williams' credit report. Upon information and belief, Ms. Williams did not recognize some of the creditors on the report and did not want to list these creditors on Schedule F. Upon information and belief, Wilkerson advised Ms. Williams to list every creditor on the credit report and just make up the nature of the debt. At that time, Ms. Williams decided that she did not want to employ Wilkerson to prepare her bankruptcy documents.

7. In December 2008, Mr. Williams won $200,000 in the Wisconsin lottery.

8. In January 2009, Mr. Williams and Ms. Williams went together to Wilkerson for preparation of their bankruptcy documents. Upon information and belief, Wilkerson told Mr. and Ms. Williams that because they had lived separately they needed to file separate

2

bankruptcy petitions. Upon information and belief, once Wilkerson told Mr. and Mrs. Williams needed to file separate petitions, they dealt with Wilkerson individually.

9. Mr. Williams' statements in Court on May 20, 2009 suggest that he, too, was advised by Wilkerson to list all creditors on his creditor bureau report, whether or not he believed the creditor had a valid claim. Tr. 18[1]. Upon information and belief, Mr. Williams does not remember if he told Wilkerson about his lottery winnings.

10. On April 17, 2009, Jerry D. Williams (Williams) filed a *pro se* Chapter 7 petition Case No. 09-25224. *See*, Docket #1. The *Disclosure of Compensation of Bankruptcy Petition Preparer*, discloses that Saleena Wilkerson (Wilkerson) is the Bankruptcy Petition Preparer (BPP) who prepared Mr. Williams' bankruptcy documents and disclosed that she received $185 for her services. Statement of Financial Affairs Question # 9 discloses that A Z Business Solutions received the $185 fee.

11. On April 17, 2009, Stephanie Williams (Ms. Williams) filed a *pro se* Chapter 7 petition Case No. 09-25223. See Docket # 1. On this same date, Ms. Williams filed an Application to Proceed *in forma pauperis*. *See* Docket Entry #3. The Court entered an order approving the application on April 21, 2009. *See* Docket Entry #7.

12. The *Disclosure of Compensation of Bankruptcy Petition Preparer* discloses that Wilkerson is the BPP who prepared Ms. Williams' bankruptcy documents and disclosed that she received $125 for her services. Statement of Financial Affairs Question #9 discloses that A Z Business Solutions received the $125 fee.

---

[1]The abbreviation Tr. refers to the transcript of the Court's hearing on May 20, 2009.

13. According to Ms. Williams she paid Wilkerson $185 for preparation of her bankruptcy documents. According to the Disclosure of Bankruptcy Petition Preparer, Wilkerson reported that she received $125 for preparation of Ms. Williams' bankruptcy documents.

14. In addition, Mr. Williams' bankruptcy documents are substantially the same as Ms. Williams' bankruptcy documents. Upon information and belief, Wilkerson received at least $310 for preparing two sets of virtually identical bankruptcy documents.

15. Upon information and belief, Wilkerson did more than simply type the bankruptcy documents for Mr. and Ms. Williams, she advised them about what debts to include in the schedules and to make up the description of the debt if they did not recognize the creditor, selected their Schedule D exemptions and told them that they needed to file separate bankruptcy petitions because although married, they lived separately.

### B. Zella James 09-24220-mdm

16. Upon information and belief, just prior to April 2, 2009, Zella James (Ms. James) hired Wilkerson to prepare her bankruptcy documents. Upon information and belief, at that time, Ms. James disclosed to Wilkerson that she previously filed a Chapter 7 bankruptcy in 2004. Upon information and belief, Wilkerson told Ms. James that she could file a Chapter 7 bankruptcy and receive a discharge. The Debtor's prior bankruptcy Case No. 04-29657 filed June 29, 2004 is disclosed in the petition.

17. Upon information and belief, Wilkerson obtained a copy of the Ms. James' credit bureau report and advised Ms. James to list all of the creditors on the report on Schedule F. Upon information and belief, Ms. James advised Wilkerson that she did not owe any money to Charles White, although he appeared on her the credit report. Wilkerson completed Schedule F and included Charles White as creditor. Upon information and

belief, Ms. James did not realize that Wilkerson included Charles White on Schedule F at the time she signed her Schedules.

18. In addition, upon information and belief, Wilkerson completed the bankruptcy documents from information provided by the Ms. James, including selecting which property to claim exempt and selecting the federal statutory exemption statute.

19. On April 2, 2009, Ms. James filed a Chapter 7 bankruptcy petition *pro se* and disclosed that she paid Wilkerson $185 for preparation of her bankruptcy documents. Statement of Financial Affairs Question #9 discloses that A Z Business Solutions L.L.C. received the $185 fee.

20. Upon information and belief, Wilkerson also asked Ms. James if she wanted to pay the bankruptcy filing fee in installment payments. Upon information and belief, Wilkerson then prepared the Application to Pay the Filing Fee in Installments, which was then signed by Ms. James.

21. The United States Trustee contacted Ms. James and informed her that she was not eligible for a discharge because of her prior filing. Ms. James waived her discharge.

22. Upon information and belief, Ms. James received no benefit from the $185 that she paid Wilkerson.

## ALLEGATIONS

### Violation Under 11 U.S.C. § 110(e)(2)

23. Wilkerson and her company A Z Business Solutions, L.L.C. (A Z Business Solutions) are Bankruptcy Petition Preparers (BPP) as defined by 11 U.S.C. § 110(a)(1) because she received compensation for preparing the documents filed by the Ms. Williams, Mr. Williams and Ms. James. The fact that Wilkerson's legal advice was frequently wrong, is secondary to the fact that she provided these Debtors with legal advice at all.

5

24. Section 110(e)(2) *et seq.* states that a BPP may not give a potential bankruptcy debtor legal advice. As discussed below, Wilkerson violated § 110(e)(2) when she gave Ms. Williams, Mr. Williams and Ms. James *any* legal advice.

25. The non-exclusive list of legal advice includes: whether to file a bankruptcy petition §110(e)(2)(B) *et seq.*, including whether the debtor's debts will be discharged in bankruptcy (§110(e)(2)(B)(ii)), how to characterize the nature of a debtor's interest in property or the debtor's debts (§110(e)(2)(B)(vi)) and bankruptcy procedures and rights (§110(e)(2)(B)(vii)).

### A. Wilkerson Violated § 110(e)(2) (Prohibition Against Legal Advice)

26. Section 110(e)(2)(B)(i)(I) prohibits a BPP from providing legal advice to a debtor. Legal advice includes advising a debtor whether to file a bankruptcy case and which chapter to choose. § 110(e)(2)(B)(i).

27. Upon information and belief, Wilkerson advised Mr. Williams that she needed to file a separate bankruptcy case from Ms. Williams, despite the fact he was married to Ms. Williams.

28. Upon information and belief, Willkerson advised Ms. Williams to file for bankruptcy relief under Chapter 7 of the Bankruptcy Code.

29. By filing two cases instead of one, Wilkerson received at least $310 for their separate filings rather than her usual $185 fee.

30. Ms. Williams truly did not want to file bankruptcy and filed a Motion to Dismiss her case on April 27, 2009. *See* Case No. 09-25223 Docket Entry #9. She never appeared at a § 341 meeting. Her case was dismissed for failure to pay the filing fee.

31. Similarly, Wilkerson advised Ms. James to file bankruptcy under Chapter 7. Ms. James disclosed her prior bankruptcy to Wilkerson. The prior bankruptcy is disclosed on Ms.

James' petition. Upon information and belief, if Ms. James knew that she could not receive a Chapter 7 discharge when she filed her April 2, 2009 case, she would not have commenced her case and not paid Wilkerson $185.

32. Upon information and belief, Wilkerson provided additional legal advice when she selected the property Mr. Williams, Ms. Williams and Ms. James claimed exempt and chose to apply the federal exemption statute in each case.

33. Wilkerson violated § 110(e)(2)(B)(i), when she advised Mr. and Ms. Williams and Ms. James that they needed to file for relief under Chapter 7 of the bankruptcy code. Wilkerson also violated this statute when she selected each of the Debtors' property claimed exempt and choosing the federal exemptions over the Wisconsin exemptions.

### B. Wilkerson Violated § 110(e)(2)(ii)
### (Prohibition Against Legal Advice by Telling a Debtor Whether Debts Will Be Discharged)

34. Section 110(e)(2)(B)(iii) prohibits a BPP from advising a debtor whether a debtor's debts will be discharged in a particular case.

35. Upon information and belief, Ms. James told Wilkerson that she had previously filed a Chapter 7 case in 2004 and received a discharge.

36. Upon information and belief, Wilkerson advised Ms. James that her prior discharge would not bar her from receiving a discharge in 2009.

37. As discussed above, Wilkerson then prepared a Chapter 7 petition, schedules and statement of financial affairs for Ms. James, which Ms. James filed on April 2, 2009. Ms. James later waived her discharge under § 727(a)(8).

38. Wilkerson violated § 110(e)(2)(B)(ii), when she advised Ms. James that she could receive a discharge when she filed a Chapter 7 bankruptcy on April 2, 2009.

### C. Wilkerson Violated § 110(e)(2)(B)(vi)
### (Prohibition Against Legal Advice in Characterization of Debts)

39. Section 110(e)(2)(B)(vi) prohibits a BPP from advising a debtor how to characterize debts.

40. Upon information and belief, Wilkerson characterized which debts should be scheduled as secured and which should be scheduled as unsecured. Upon information and belief, Wilkerson told Ms. Williams, Mr. Williams and Ms. James to schedule every debt listed on their credit reports as unsecured debt.

41. Further violating this prohibition, Wilkerson advised Ms. Williams to just make up the nature of any debt listed on her credit report.

42. Wilkerson violated § 110(e)(2)(B)(vii), when she advised Mr. and Ms. Williams and Ms. James that they needed to file for relief under Chapter 7 of the bankruptcy code. Wilkerson also violated this statute when she selected each of the Debtors property claimed exempt and choosing the federal exemptions over the Wisconsin exemptions.

### D. Wilkerson Violated § 110(e)(2)(B)(vii)
### (Prohibit Against Legal Advice in Concerning Bankruptcy Procedures and Rights)

43. Section 110(e)(2)(B)(vii) prohibits a BPP from advising a debtor about bankruptcy procedures and rights.

44. At the time of filing their petitions, Mr. Williams and Ms. Williams were married but living apart. Upon information and belief, Wilkerson knew that they were married at the time of filing. In both cases, Schedule I discloses that each debtor is married, but the spouse's name is not disclosed.

45. Upon information and belief, Wilkerson told Mr. and Ms. Williams that they needed to file two separate cases.

8

46. Upon information and belief, Wilkerson advised Mr. Williams and Ms. Williams that they could file an application to pay the filing fee in installments. Mr. Williams and Ms. Williams filed applications to pay the filing fee in installments. *See* Case No. 09-25224, Docket Entry #5 (Jerry Williams) and *See* Case No. 09-25223, Docket Entry #3 (Stephanie Williams).

47. Wilkerson violated § 110(e)(2)(B)(vi), when she advised Mr. and Ms. Williams that they could not file a single, joint case and could file applications to pay the filing fee in installments.

**Determination of Reasonableness of Fees Under 11 U.S.C. § 110(h)(3)(A)**

48. Under 11 U.S.C. § 110(h)(3)(A), the court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2) found to be in excess of the value of any services–

    (i) rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition.

49. The United States Trustee believes that the $185 that Mr. Williams and Ms. James each paid, and the $125 Ms. Williams paid to Wilkerson and/or A Z Business Solutions, L.L.C. is excessive and unreasonable.

50. Because a bankruptcy petition preparer can perform "only the modest service of transcribing or typing bankruptcy forms that the debtor alone must prepare without assistance," a bankruptcy petition preparer may only charge "what professional typists or word processors would charge." In re Bush, 275 B.R. 69, 84-85 (Bankr. D. Idaho 2002).

51. Accordingly, Wilkerson and A Z Business Solutions may only charge a clerical rate for the time spent typing (or handwriting) the Debtor's bankruptcy documents.

## Fraudulent, Unfair or Deceptive Acts Under 11 U.S.C. § 110(i)(1)

52. Section 110(i)(1) states if the court finds any act by a BPP to be fraudulent, unfair, or deceptive, the court shall order the BPP to pay the debtor:

    (A) the debtor's actual damages;

    (B) the greater of–

    (i) $2,000; or

    (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

    (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

53. The United States Trustee believes the conduct of Wilkerson and A Z Business Solutions L.L.C. constitutes fraudulent, unfair or deceptive acts under the Code.

54. Wilkerson gave each Debtor legal advice that is fraudulent, unfair and deceptive.

55. Upon information and belief, Wilkerson advised Mr. and Mrs. Williams that they needed to file separate cases. Wilkerson received two fees, rather than one fee.

56. When Wilkerson advised a married couple to file two separate cases, she committed unfair, fraudulent and/or deceptive acts.

57. Upon information and belief, Wilkerson told Ms. James that she could receive a Chapter 7 discharge, when she was ineligible. Wilkerson received $185 and Ms. James received a letter from the U.S. Trustee advising her that she was not eligible for a discharge.

58. When Wilkerson told Ms. James was eligible for a Chapter 7 discharge, despite her 2004 discharge, Wilkerson committed an unfair, fraudulent and/or deceptive act.

59. Upon information and belief, Wilkerson obtained each Debtors' credit report and instructed them to complete Schedule F by listing each creditor on the report, whether or not the Debtor acknowledged the claim.

10

Case 09-02475-pp    Doc 1    Filed 12/07/09    Page 10 of 13

60. When Wilkerson advised Ms. Williams, Mr. Williams and Ms. James which creditors to include on Schedule F, and how to catagorize the claim, whether or not they believed the creditor had a claim, she committed unfair, fraudulent and/or deceptive acts.

## Injunction From Acting as a Bankruptcy Petition Preparer Under 11 U.S.C. § 110(j)

61. Under 11 U.S.C. § 110(j)(1)--A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.

   (2)(A) In an action under paragraph (1), if the court finds that—

       i) a bankruptcy petition preparer has—

           (I) engaged in conduct in violation of this section or of any provision of this title;

           (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or

           (III) engaged in any other fraudulent, unfair, or deceptive conduct; and

       (ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

   (B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty

        imposed under this section, or failed to disgorge all fees ordered by the court, the court may enjoin the person from acting as a bankruptcy petition preparer.

62. Wilkerson's conduct in these cases was unfair, fraudulent and deceptive.

63. Wilkerson advised Mr. and Mrs. Williams to file separate cases and advised Ms. James that she could receive Chapter 7 discharge, despite her discharge in Case No. 04-2965.

64. Wilkerson also advised Ms. Williams and Ms. James to file false schedules. She advised Ms. Williams and Ms. James to schedule all creditors listed on their credit reports, whether or not they recognized the creditor. Ms. James told Wilkerson not to include Charles White on her Schedule F. Yet, Wilkerson included him on Schedule F, despite Ms. James' objections. Wilkerson also advised Ms. Williams to just make up the nature any claim that she did not recognize. Advising debtors to file false schedules are unfair, fraudulent and deceptive actions.

65. Wilkerson's unfair, fraudulent and deceptive actions, as described herein, are grounds for an injunction permanently prohibiting her from further acting as a bankruptcy petition preparer. 11 U.S.C. § 110(j)(2)(B).

**WHEREFORE**, the United States Trustee requests that the Court:

1. Find that Wilkerson and A Z Business Solutions, L.L.C. violated 11 U.S.C. § 110(e);

2. Fine Wilkerson and A Z Business Solutions, L.L.C. $500 for each violation of 11 U.S.C. § 110(e);

3. Review the reasonableness of the fees charged by Wilkerson and A Z Business Solutions, L.L.C. and order a turnover of funds found to be in excess of the reasonable value of services under 11 U.S.C. § 110(h)(3);

4. Order payment to the Debtors as permitted under 11 U.S.C. § 110(i)(1);

12

Case 09-02475-pp    Doc 1    Filed 12/07/09    Page 12 of 13

5. Find that Wilkerson and A Z Business Solutions, L.L.C. conduct was fraudulent, unfair, or deceptive under 11 U.S.C. § 110(j)(2)(III);

6. Permanently enjoin Wilkerson and A Z Business Solutions, L.L.C. from acting as a bankruptcy petition preparer under 11 U.S.C. §110(j)(3);

7. Enter a judgment against Wilkerson and A Z Business Solutions, L.L.C., and

8. Award and order such other relief as is just and equitable.

The United States Trustee does not intend to file a brief in connection with this pleading but reserves the right to file a responsive brief or pleading if necessary.

Dated: December 7, 2009.

          WILLIAM T. NEARY
          United States Trustee

          /s/
          AMY J. GINSBERG
          Attorney for the United States Trustee