UNITED STATES BANKRUPTCY COURT:
EASTERN DISTRICT OF WISCONSIN

---

In re:  JERRY WILLIAMS,                    Bankruptcy Case No.: 09-25224-PP
                                                              (Chapter 7)
        Debtor.

---

WILLIAM T. NEARY                           Adversary Proceeding No: 09-2475
United States Trustee

        Plaintiff,

SALEENA WILKERSON
AZ Business Solutions, LLC

        Defendants.

---

DEFENDANTS' ANSWER TO COMPLAINT OF THE UNITED STATES TRUSTEE FOR DETERMINATION OF REASONABLE VALUE OF SERVICES, FOR ASSESSMENT OF PENALTIES UNDER 11 U.S.C. §110, AND FOR A PERMANENT INJUNCTION ENJOINING SALEENA WILKERSON AND A Z BUSINESS SOLUTIONS, L.L.C. FROM ACTING AS A BANKRUPTCY PETITION PREPARER

---

The Defendants, Saleena Wilkerson d/b/a AZ Business Solutions, LLC. (collectively referred to as Answering Defendant) by its Attorney Judith M. Paulick, for an Answer to the Plaintiff's Complaint against this Answering Defendant, admits, denies, alleges and shows to the Court as follows:

1. The Defendant admits the allegations contained in paragraphs 1 through 3, inclusive, of the Plaintiff's Complaint.

A. STEPHANIE WILLIAMS AND JERRY WILLIAMS

2. Answering paragraph number 4 of the Plaintiff's Complaint, this Answering Defendant denies having knowledge and/or information sufficient to form an belief as to the truth or falsity of the allegations contained therein and, therefore, denies same and puts the Plaintiff to its strict proof thereon.

3. Answering paragraph number 5 of the of the plaintiff's Complaint, this Answering Defendant denies having information and/or knowledge sufficient as to form a belief as to the truth or falsity of the allegations pertaining to when Ms. Williams considered filing bankruptcy; that this, Answering Defendant denies that Ms. Williams consulted with her in November 2008; that this Answering Defendant affirmatively states that she consulted with Ms. Williams in January 2009 and at that time Ms. Williams requested that she prepare the bankruptcy documents for her; however, this Answering Defendant affirmatively alleges that she informed Ms. Williams at the initial consultation that they only type the bankruptcy documents and do not talk, that is, they do not give legal advice to her.

4. Answering paragraph 6 of the Plaintiff's Complaint, this Answering Defendant denies having obtained a copy of Ms. Williams' credit report and further alleges it is procedure that the debtors obtain their own credit report as this Answering Defendant is unable to obtain a credit report for bankruptcy filers and never has obtained a credit report for bankruptcy filers. Further, this Answering Defendant denies that she advised Ms. Williams to list every creditor on the credit report and just make up the nature of the debt. This Answering Defendant affirmatively alleges that she did not give legal advice to Ms. Williams and this Answering Defendant affirmatively alleges that she advised Ms. Williams that it was her responsibility to know the nature of her debts and what type of bill she incurred as bankruptcy filers must answer these questions and not this Answering Defendant; that this Answering Defendant further affirmatively alleges that she advises the bankruptcy filer that these are their debts and they need to list on their paperwork the nature of the debt; this Answering Defendant specifically denies that this admonition to bankruptcy filers constitutes telling them to "makeup the nature of the debt."

5. Answering paragraph 7 of the Plaintiff's Complaint this Answering Defendant denies having information and/or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies same and puts the Plaintiff to its strict proof thereon.

6. Answering paragraph 8 of the Plaintiff's Complaint this Answering Defendant admits that in January 2009 she met with Mr. and Mrs. Williams and they hired her; as to the remainder of the allegations made upon information and belief in paragraph 8, this Answering Defendant denies having information and/or knowledge sufficient to form a belief as to the truth or falsity of same

2

and, therefore, denies same and puts the Plaintiff to its strict proof thereon; this Answering Defendant affirmatively alleges that she was instructed by Mr. and Mrs. Williams to prepare separate filings and she prepared them in accordance with such requests; that at no time did this Answering Defendant ever instruct Mr. and Mrs. Williams to either file separately or together.

7. Answering paragraph number 9 of the Plaintiff's Complaint, this Answering Defendant denies having information and/or knowledge sufficient to form a belief as to the truth or falsity of Mr. Williams making statements in Court on May 20, 2009 that suggests that he was advised by this Answering Defendant to list all creditors on his credit bureau report; this Answering Defendant affirmatively alleges that she did not talk to Mr. Williams about his lottery winnings as he did not list on his paperwork anything to that effect; further, this Answering Defendant affirmatively alleges that Mr. Williams did not have any questions and he respected the prohibition of this Answering Defendant not talking and only typing. Further, Mr. Williams filled out his papers, reviewed them, made changes and corrections and then he left. In addition, this Answering Defendant affirmatively alleges that Mr. Williams did not tell her about his lottery winnings.

8. Answering paragraph 10 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and affirmatively alleges that Jerry Williams paid her $125.00 for his fee and he together with his wife paid the total sum of $250.00; that the contract this Answering Defendant had with the both of them provided a discount of $125.00 to each of them and, therefore, the fee charged was the sum of $250.00.

9. Answering paragraph 11 of the plaintiff's Complaint, upon information and belief, admit that Stephanie Williams filed a pro se chapter 7 petition on April 17, 2009, Case No.: 09-25223 and in addition, filed a request to pay in installments the filing fee of $299.00; further, upon information and belief she did not pay the required installments and the case was subsequently dismissed.

10. Answering paragraph 12 of the Plaintiff's Complaint, this Answering Defendant admits that Ms. Williams paid $125.00 when she hired her on January 29, 2009 and together with Mr. Williams paid the total sum of $250.00; further, this Answering Defendant affirmatively alleges

that she was instructed by the Williams to prepare separate filings and she prepared them in accordance with their request.

11. Answering paragraph 13 of the Plaintiff's Complaint, this Answering Defendant denies that she was paid $185.00 for preparation of Ms. Williams' bankruptcy documents and affirmatively alleges that the $185.00 figure disclosure on Ms. Williams bankruptcy documents was incorrect as each of the Williams were charged $125.00 for a total of $250.00 as the contract provided for a discount of $125.00 each.

12. Answering paragraph 14 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and affirmatively allege that this Answering Defendant was paid the total sum $250.00 for preparation of the Williams' bankruptcy documents.

13. Answering paragraph 15 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and affirmatively allege that this Answering Defendant relies on information provided to her by the bankruptcy filer(s) and does not give legal advice. Further, this Answering Defendant denies that she ever discussed Federal and/or State exemptions with the Williams or with any other bankruptcy filers that present themselves in her office; in addition, this Answering Defendant states there is a typographical error contained in Plaintiff's Complaint as the Exemption Schedule is C not D.

### B. ZELLA JAMES 09-24220-MDM

14. Answering paragraph 16 of the Plaintiff's Complaint, this Answering Defendant admits that Zella James prior to April 2, 2009 hired this Answering Defendant to prepare her bankruptcy documents, however, specifically deny that she told Ms. James that she could file a Chapter 7 bankruptcy and receive a discharge; this Answering Defendant affirmatively alleges that Ms. James was refused service on two different occasions and she was sent to get legal advice; further, affirmatively allege that Ms. James did not personally disclose a prior bankruptcy filing to this Answering Defendant, however, it was discovered that she had filed in 2004 when this Answering Defendant reviewed the documents prepared by Ms. James; that when this Answering Defendant discovered these facts, this Answering Defendant instructed Ms. James to

4

call the 800 number and get the case number and date in order to include said information on the documents as was requested.

15. Answering paragraph 17 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and affirmatively alleges that Ms. James disclosed on the paperwork she personally filled out that she was sued by one, Charles White, and this Answering Defendant then typed same on the bankruptcy documents with the information that was provided by the debtor.

16. Answering paragraph 18 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and affirmatively alleges that this Answering Defendant relies on information provided by the bankruptcy filer and, further, affirmatively alleges that this Answering Defendant has not discussed and/or selected Federal and/or State exemptions with any bankruptcy filer, including Ms. James.

17. Answering paragraph 19 of the Plaintiff's Complaint, this Answering Defendant admits the allegations contained therein.

18. Answering paragraph 20 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and affirmatively alleges that Ms. James requested on her own to pay the bankruptcy filing fee in installment payments without any advice whatsoever to her from this Answering Defendant.

19. Answering paragraph 21 of the Plaintiff's Complaint, this Answering Defendant denies having information and/or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies same and puts the Plaintiff to its strict proof thereon.

20. Answering paragraph 22 of the Plaintiff's Complaint, this Answering Defendant denies that it was through any fault of herself that Ms. James did not receive a benefit from the payment of $185.00 to this Answering Defendant.

21. Answering paragraph 23 of the Plaintiff's Complaint, this Answering Defendant admits that she and her company A Z Business Solutions, LLC are bankruptcy petition preparers (BPP) as

5

defined by 11 U.S.C. §110 (a)(1) and did receive compensation for typing the documents filed by Ms. Williams, Mr. Williams and Ms. James; however, this Answering Defendant specifically denies that she has at any point in time given any legal advice whatsoever to Ms. William, Mr. Williams, Ms. James or any other bankruptcy filer that presents themselves in her office.

22. Answering paragraph 24 of the Plaintiff's Complaint, this Answering Defendant admits that pursuant to §110 (e)(2) et seq. that a BPP may not give a potential bankruptcy debtor legal advice; that this Answering Defendant specifically denies that she violated §110 (e)(2) as she denies having given any legal advice whatsoever to Ms. Williams, Mr. Williams and Ms. James.

23. Answering paragraph 25 of the Plaintiff's Complaint, this Answering Defendant denies giving legal advice to Ms. Williams, Mr. Williams, Ms. James and any other bankruptcy filer that presents themselves in her office as to whether the debtor(s) debts will be discharged in bankruptcy (§110 (e)(2)(b)(ii)), how to characterize the nature of the debtors interest in property of the debtors (§110 (e)(2)(b)(vi)) and bankruptcy procedures and rights (§110 (e)(2)(b)(vii)).

24. Answering paragraph 26 of the Plaintiff's Complaint, this Answering Defendant admits that §110 (e)(2)(b)(i)(l) prohibits the BPP from providing legal advice to the debtor; further, this Answering Defendant specifically denies that she gave legal advice to Ms. Williams, Mr. Williams, Ms. James or any other bankruptcy filer who presents themselves at her office as relates to advising them whether to file a bankruptcy case and which chapter to choose pursuant to §110 (e) (2)(b)(i).

25. Answering paragraph 27 and 28 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein.

26. Answering paragraph 29 of the Plaintiff's Complaint, this Answering Defendant denies that she received at least $310.00 for the Williams' separate filings and realleges and reaffirms the allegations contained in paragraph 8 herein as relates to the fact that the Williams paid the total sum $250.00 for their bankruptcy documents.

27. Answering paragraph 30 of the Plaintiff's Complaint, this Answering Defendant denies having sufficient information and/or knowledge to form a belief as to the truth or falsity of whether or not Ms. Williams "truly did not want to file bankruptcy"; further, this Answering

6

Defendant denies having sufficient information and/or knowledge to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 30 and, therefore, denies same and puts the Plaintiff to its strict proof thereon.

28. Answering paragraph 31 of the Plaintiff's Complaint, this Answering Defendant denies that she advised Ms. James to file bankruptcy under chapter 7 and further specifically denies that Ms. James disclosed her prior bankruptcy to Wilkerson; that this Answering Defendant affirmatively alleges that she did not give legal advice to Ms. James as to whether or not she could file a chapter 7 bankruptcy and as to whether or not she would receive a discharge if and when she filed her April 2, 2009 case.

29. Answering paragraph 32 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein.

30. Answering paragraph 33 of the Plaintiff's Complaint, this Answering Defendant denies having given legal advice to Mr. and Mrs. Williams and Ms. James to the effect that they needed to file for relief under chapter 7 of the bankruptcy code and, therefore, denies the allegation that this Answering Defendant violated §110 (e)(2)(b)(i); further, this Answering Defendant specifically denies that she violated any provision of the Code as she denies that she selected each of the debtor's property claimed exemptions and that she advised the debtors to chose the Federal exemptions over the Wisconsin exemptions.

31. Answering paragraph 34 of the Plaintiff's Complaint, this Answering Defendant admits that §110 (e)(2)(b)(iii) prohibits a BPP from advising the debtor whether a debtor's debts will be discharged in a particular case; that this Answering Defendant specifically denies that she advised Mr. Williams, Ms. Williams, Ms. James and any other person who presents themselves in her office for preparation of bankruptcy documents whether a debtor's debts would be discharged in a particular case.

32. Answering paragraph 35 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein.

33. Answering paragraph 36 of the Plaintiff's Complaint, this Answering Defendant specifically denies that she advised Ms. James that her prior discharge would not bar her from receiving a

7

discharge in 2009; further, this Answering Defendant specifically denies that she gave any legal advice whatsoever to Ms. James.

34. Answering paragraph 37 of the Plaintiff's Complaint, this Answering Defendant admits that she typed a chapter 7 petition, schedules and statement of financial affairs for Ms. James based upon the hand written information that was provided to her from Ms. James; that this Answering Defendant denies having information and/or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained therein and, therefore, denies same and puts the Plaintiff to its strict proof therein.

35. Answering paragraph 38 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and further denies that she gave any legal advice whatsoever to Ms. James and specifically to the effect that Ms. James could receive a discharge when she filed a chapter 7 bankruptcy on April 2, 2009.

36. Answering paragraph 39 of the Plaintiff's Complaint, this Answering Defendant admits the allegations contained therein however, she specifically denies that she as a BPP advised Mr. Williams, Ms. Williams, Ms. James or any other person that presents themselves in her office how to characterize debts.

37. Answering paragraph 40 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein.

38. Answering paragraph 41 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and further specifically denies that she advised Ms. Williams to just make up the nature of any debt listed on her credit report.

39. Answering paragraph 42 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and specifically denies that she advised Mr. and Mrs. Williams and Ms. James that they needed to file for relief under chapter 7 of the bankruptcy code or any other chapter of the bankruptcy code. This Answering Defendant also denies she violated §110 (e)(2)(b)(vii) as she denies having selected each of the debtor's property claimed exempt and denies choosing the Federal exemptions over the Wisconsin exemptions.

8

40. Answering paragraph 43 of the Plaintiff's Complaint, this Answering Defendant admits that §110 (e)(2)(b)(ii) prohibits a BPP from advising the debtor about bankruptcy procedures and rights; further, she specifically denies that she advised Ms. Williams, Mr. Williams, Ms. James and any other bankruptcy filer who presents themselves in her office about bankruptcy procedure and rights.

41. Answering paragraph 44 of the Plaintiff's Complaint, this Answering Defendant denies having information and/or knowledge sufficient to form a belief as to the truth or falsity of the allegations that Mr. Williams and Ms. Williams were married but living apart at the time of filing their petitions; further, this Answering Defendant denies that she knew the Williams were married at the time of filing in both cases and only typed on the bankruptcy schedules the information that was provided to her by Mr. and Ms. Williams.

42. Answering paragraph 45 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein.

43. Answering paragraph 46 of the Plaintiff's Complaint, this Answering Defendant denies that she advised Mr. and Ms. Williams that the could file an application to pay the filing fee in installments; further with regards to the balance of the allegations contained therein this Answering Defendant denies having information and/or knowledge sufficient to form a belief as to the truth or falsities of those allegations and, therefore, denies same and puts the Plaintiff to its strict proof thereon.

44. Answering paragraph 47 of the Plaintiff's Complaint, this Answering Defendant denies that she violated §110 (e(2)(b)(vii) as she did not advise Mr. and Ms. Williams that they could not file a single, joint case and further denies that she told them that they could file applications to pay the filing fee in installments.

45. Answering paragraph 48, 49, 50 and 51 of the Plaintiff's Complaint as relates to determination of reasonableness of fees under 11 U.S.C. §110 (h)(3)(a), this Answering Defendant denies that she charged unreasonable fees to Mr. Williams, Ms. Williams and Ms. James; that this Answering Defendant agrees that a bankruptcy petitioner preparer can prepare "only the modest service of transcribing or typing bankruptcy forms and that the debtor alone

9

must prepare without assistance" and that a bankruptcy preparer may only charge "what professional typists or word processors would charge.", further, this Answering Defendant affirmatively alleges that she has performed research relating to reasonable costs of service and same results in the sum of $244.00; that attached hereto and made a part hereof as Exhibit "A" is Defendant's costs of service research which based upon the number of hours spent in preparing, transcribing or typing bankruptcy forms amounts to a fee of $244.00; that accordingly, the rate this Answering Defendant charges for her services of $185.00 per person appears to be reasonable and she would request that the Court make a finding to that effect.

46. Answering paragraph 52 and 53 of the Plaintiff's Complaint, this Answering Defendant acknowledges the provisions of §110 (i)(1) and specifically denies that her conduct and A Z Business Solutions, LLC conduct constitutes fraudulent, unfair and deceptive acts under the code.

47. Answering paragraph 54 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and specifically denies she gave any legal advice whatsoever to Mr. Williams, Ms. Williams and Ms. James.

48. Answering paragraph 55 and 56 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein and specifically denies she committed unfair, fraudulent and/or deceptive acts.

49. Answering paragraph 57 of the Plaintiff's Complaint, this Answering Defendant specifically denies that she told Ms. James that she could receive a chapter 7 discharge and further denies that she gave legal advice to Ms. James that she was eligible to file; that this Answering Defendant affirmatively states that pursuant to the contract she and Ms. James entered into, provided therein was a "Full Service Guarantee" which states "If the Judge fails to grant your bankruptcy due to a paperwork typographical error, then we will correct the problem. If we cannot correct the problem, then your money will be refunded 101%"

50. Answering paragraph 58 of the Plaintiff's Complaint, this Answering Defendant specifically denies that she gave legal advice to Ms. James to the effect that she was eligible for a chapter 7

10

Case 09-02475-pp    Doc 5    Filed 01/14/10    Page 10 of 19

discharge and accordingly denies that she committed any unfair, fraudulent and/or deceptive acts.

51. Answering paragraph 59 of the Plaintiff's Complaint, this Answering Defendant specifically denies that she obtained each debtors credit report as she was unable to do so and, further, specifically denies that she instructed them to complete Schedule F by listing each creditor on the report whether or not the debtor acknowledged the claim.

52. Answering paragraph 60 of the Plaintiff's Complaint, this Answering Defendant specifically denies that she advised Ms. Williams, Mr. Williams and Ms. James which creditors to include on Schedule F, how to organize the claim, whether or not they believe the creditor had a claim, and, therefore, she further specifically denies that she committed any unfair, fraudulent and/or deceptive acts.

53. Answering paragraph 61 and 62 of the Plaintiff's Complaint, this Answering Defendant acknowledges the Code language contained therein in Title 11 of the United States Code, however, specifically denies that she engaged in conduct in these cases which was in violation of those code sections and, accordingly, specifically denies that her conduct was unfair, fraudulent and deceptive.

54. Answering paragraph 63 of the Plaintiff's Complaint, this Answering Defendant denies the allegations contained therein.

55. Answering paragraph 64 of the Plaintiff's Complaint, this Answering Defendant denies all of the allegations contained therein and affirmatively alleges that she did not engage in any conduct alleged therein with regards to Mr. Williams, Ms. Williams and Ms. James and specifically denies that she advises debtors to file false Schedules and/or engage in any unfair, fraudulent and deceptive actions.

56. Answering paragraph 65 of the Plaintiff's Complaint, this Answering Defendant denies that she engaged in any unfair, fraudulent and deceptive actions and, therefore, respectfully requests that the Court not grant an injunction.

11

WHEREFORE, These Answering Defendants request the following relief:

a. Dismissal of the Plaintiff's Complaint on its merits
b. For all costs, disbursements and attorney fees incurred as a result of having to defend this action
c. For any and all further relief the Court deems just and equitable

Dated this 13th day of January, 2010.

LAW OFFICES OF JUDITH M. PAULICK
Attorneys for the Defendants

By: _____
Judith M. Paulick
State Bar No. 1017111

P. O. Address:
P. O. Box 5105
Elm Grove, WI 53122-5105
(262)797-2020

## Reasonable Cost of Service
### A+B+C are based on $185.00 per person

A Its Sixteen Forms Ch 7= Price Per Forms Ch7 185 Divided by 16 is 12$ per form
  Its Seventeen Forms Ch 13=Price Per Forms Ch 185 Divided by 17 is 11$ per form

B It's 52-70 Pages Avg 61 pages = Price Per Page $3.00

C 3-4.5 Hours to perpare/Correction and additions 4.5 Hours/ 9 Hours= Rate Per Hour $21 per hour= eccessive corrections and additions Fee Sheet charges apply.

Chapter 7 Typing the chapter 7, most time is sent typing schedule f. I some cases 6 hours can be sent typing bills, 4-10 making changes requested by filer.

Chapter 13 Typing chapter 13 most time is sent making endless corrections requested from the courts 6 Revision minimum on average and we charge $185.00

### Average based on Research is : 315+61+108+288+450= $244.00
$35 Local Print Shop Typing 9hours =$315.00
$1 per page typing52-70 bk pages =$52-$70=Avg $61.00
$12 per hour typing 9 hours = $108.00
$32 Per hour Legal Typing 9 hours =$288.00
$50 transcription /typing 9 hours = $450.00

### Examples
**Print Shop Milwaukee**
A flat rate of typing is 35.00 Per type set at Local print shop per document =17*35=595.00 , 185 is to include 8 hours of typing which is a $ $23.00 per type set rate = 17*23=391.00 . Our price is two low based

http://us.mc367.mail.yahoo.com/mc/showMessage?sMid=0&filterBy=&.rand=392695741&midIn...   1/11/2010

*Exhibit "A"*

on typing services.

**Site on internet**

*WORD PROCESSING*
*letters, manuscripts, resumes    forms    $12.00/hour*

*research    12.00/hour*

*PRINTING*
*envelopes    1.00/25 #10*
*labels        1.50/sheet*

**Website Fee Sheet**

| Service | Fee Schedule |
|---|---|
| Domain Name Registration: | $25 per year |
| Hosting Fees: | $17.50 per month |
| Website Design: | $650 minimum |
| Flash Animation: | Call |
| Maintenance and Updates: | $35 per hour |

*Typing Fees*

| Service | Fee Schedule |
|---|---|
| Transcription | $32.50/hour |
| Legal Typing | $32.50/hour |
| Resumes | $25.00 |
| Graphic Designs/Ad Layouts | $35.00 |
| Invoicing | Setup Company (Quickbooks): $125; $4.50 Individual Invoice |
| Data Base Management | Setup: $125; Maintenance: $35/hour |
| Data Base Input | Call for a quote: 1-800-387-8908 |
| Mailing Labels | Input @.10; Printouts @.10 |
| Fax Service | $1.00/page Long Distance: $1.50/page |
| Writing Services | $35 per hour |
| Newsletter Development | Beginning @$75 |
| Telephone Service | Not Available |

**Home Based Typing Service**

# Pricing

Transcription/Typing Service......................$50.00 per hour*
(Typing from Tape, Drafting Letters, etc.)

Straight Copy Typing..............................$30.00 per hour*
(Typing from hand written or faxed copy)

Administrative Work-Office Work................$30.00 per hour*
(Mailings, Address Lists, etc.)

Rush Fees:
Weekday Rush Service............................$20.00 Fee
Saturday/Sunday Service.........................$25.00 Fee

* A minimum of $25.00 is charged for the hourly rate that has a requested turn around time of less than 24 hours.

**Time sent explained**

**Chapter 7** Typing the chapter 7, most time is sent typing schedule f. I some cases 6 hours can be sent typing bills, 4-10 making changes requested by filer.

**Chapter 13** Typing is the same ,lot of time sent on schedule f, in addition chapter 13 time is sent making endless corrections requested from the courts. Revision minimum six (6) on average to the plan and assocated documents and we charge $185.00.

UNITED STATES BANKRUPTCY COURT:
EASTERN DISTRICT OF WISCONSIN

---

In re:  JERRY WILLIAMS, | Bankruptcy Case No.: 09-25224-PP
Debtor. | (Chapter 7)

---

WILLIAM T. NEARY  
United States Trustee

Plaintiff,

SALEENA WILKERSON  
AZ Business Solutions, LLC

Defendants.

Adversary Proceeding No: 09-2475

FILED 2009 JAN 14 AM 8:56 US BANKRUPTCY COURT EASTERN DISTRICT OF WI

---

### VERIFICATION

---

STATE OF WISCONSIN   )
                     ) ss
COUNTY OF WAUKESHA )

I, Saleena Wilkerson, d/b/a A Z Business Solutions, LLC after being duly sworn on oath states as follows:

1. I am the Defendant in the above-entitled action and the President of A Z Business Solutions, LLC.

2. I have read the contents of the Defendant's Answer to the Complaint of the United States Trustee in the above-entitled matter and know its contents. Based on my personal knowledge the contents are true. I, therefore, confirm and agree with the Answer prepared by my Counsel, Attorney Judith M. Paulick.

Dated this 13 day of January, 2010.

By: *Saleena Wilkerson* 1/13/10
Saleena Wilkerson,
d/b/a A Z Business Solutions, LLC


Subscribed and sworn to before me
This 13 day of January, 2010.

*[signature]*
Notary Public, State of Wisconsin
My Commission expires *[illegible]*


This Document Drafted By:
Attorney Judith M. Paulick
State Bar No.: 1017111
Law Offices of Judith M. Paulick
1120 Elm Grove Street
P.O. Box 5105
Elm Grove, WI 53122
262)797-2020 Telephone
(262)821-0581 Facsimile

2

# CERTIFICATE OF SERVICE

I, Doreen Jurgensen, Legal Assistant, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of the Defendant's Answer to Summons and Complaint of the United States Trustee was made on January 14, 2010 by one of the following methods:

☒ **Mail Service**: Regular, first class United States mail, and postage fully prepaid.

William T. Neary
United States Trustee's Office
517 East Wisconsin Ave, Room 430
Milwaukee, WI 53202

Helen M Ludwig
10150 W. National Ave.
Suite 390
West Allis, WI 53227

Jerry D. Williams
3146 N .16th Street
Milwaukee, WI 53206

Richard A. Check
757 N. Broadway St., Suite 201
Milwaukee, WI 53202

☐ **Personal Service**: By leaving the process with defendant or with an officer or agent of defendant.

☐ **Residence Service**: By leaving the process with an adult.

☐ **Publication**: The defendant was served as described in the space below.

☐ **State Law**: The defendant was served pursuant to the laws of the State of _____ (U.S. state), as described in the space below.

Under Penalty Of Perjury, I Declare That The Foregoing Is True And Correct.

_Doreen Jurgensen_
Signature

1/14/10
Date

Doreen Jurgensen
Printed Name

Law Offices of Judith M. Paulick
1120 Elm Grove Street
P.O. Box 5105
Elm Grove, WI 53122

# Law offices of
# Judith M. Paulick



ATTORNEY AT LAW
AND
COUNSELOR

1120 ELM GROVE STREET
P.O. BOX 5105
ELM GROVE, WI 53122-5105
TEL. (262) 797-2020
FAX (262) 821-0581

January 13, 2010

The Honorable Margaret Dee McGarity
Chief Judge of the United States Bankruptcy Court
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

RE: William T. Neary, United States Trustee vs. Saleena Wilkerson, A Z Business Solutions
Adversary Proceeding No.: 09-2475

Dear Judge McGarity:

This letter is to advise the Court that I represent the Defendants in the above-entitled matter. I am herewith filing my client's Answer in this matter and I am further requesting an exemption from the electronic filing based upon the following facts: I am an attorney licensed in the State of Wisconsin and have not practiced bankruptcy law since the bankruptcy laws changed several years ago. Further, I have not filed any pleadings in the Bankruptcy Court after the conversion to the electronic filing system. I do not file Chapter 7's or 13's and have only represented individuals in Adversary Proceedings probably less than six or seven times in my career. Since my office is not set-up to do electronic filing and based upon the above, I am herewith requesting said exemption from the electronic filing.

By copy of this letter I am serving the U.S. Trustee's office and I am also enclosing a copy of the Certificate of Service on all individuals that were originally served with the Summons and Complaint in this matter.

Sincerely

Judith M. Paulick
Attorney at Law

JMP/dtj

Enclosures

cc: William T. Neary, United States Trustee
Attorney Richard A. Check
Helen Ludwig, Chapter 7 Trustee
Jerry D. Williams

RECEIVED 2010 JAN 14 AM 8:54 US BANKRUPTCY COURT EASTERN DISTRICT OF WI