

**For:** John Scaffidi
**Fax number:** 963 1376
**From:** Zella James
**Fax number:** 414-438-1400
**Date:**
**Regarding:**
**Number of pages:** 11
**Comments:**

#6

ing goods, and I acknowledge receipt of them in satisfactory condition. I request that the sale be financed on the terms of this Agreement and agree that all terms and conditions of the purchase agreement, other than financing terms and conditions, survive the execution of this Agreement. I agree to pay Seller the Total of Payments shown on line 2(j) according to the Payment Schedule shown below. I agree to pay the Late Charge shown below and interest at the default rate of __28.000__% per year on the unpaid balance of the Total of Payments after the final scheduled maturity date. I also agree to pay a charge of $ __15.00__ as permitted under §422.202(1)(d), Wis. Stats., for each check presented for payment under this Agreement which is returned unsatisfied. Payments shall be applied (to the extent not prohibited by the Wisconsin Consumer Act) in such order as Seller elects to charges and amounts due under this Agreement.

| NEW OR USED | YEAR | NO. CYL | MAKE-TRADE NAME | BODY STYLE (IF TRUCK, TONS CAPACITY) | MODEL | SERIAL NUMBER OR IDENTIFICATION NUMBER |
|---|---|---|---|---|---|---|
| USED | 1996 | | LINCOLN | SEDAN | TOWNCAR | 1LNLM82W7TY69273 |

Titled or to be titled in name of _____ J C COOLEY &/OR ZELLA M JAMES _____

## 2. ITEMIZATION OF AMOUNT FINANCED AND OTHER CHARGES

(a) Cash Price .................................................................................................................... (a) $ __2879.5__

(b) Trade-In: Year _____ Make _____ Model _____
   Allowance $ _____ N/A _____ – Lien/Lease Payoff $ _____
   Owed to _____ N/A _____ = Net Positive Trade-in Value of .... (b) $ __N/A__

(c) Total Cash Received $ __1000.00__ (Includes factory or manufacturer rebate of $ __N/A__)

(d) Downpayment: Cash $ __1000.00__ Net Positive Trade in Value $ __N/A__ Total Downpayment of (d) $ __1000.0__

(e) Amount paid to Seller (a - d) ............................................................................................... (e) $ __1879.5__

(f) Amounts paid to others on my behalf which are being financed:

|   | Paid in Cash Not Financed | Being Financed |
|---|---|---|
| (1) To public officials for: | | |
|   Sales Tax | $ N/A | 160.16 |
|   Filing Fees (Notation and Release of Lien) | $ N/A | 4.00 |
|   Title Application, Transfer & Registration | $ N/A | 144.50 |
| (2) To property insurance company for coverages checked below (actual cash value) | | |
|   ☐ $ N/A Deductible Comprehensive | $ N/A | N/A |
|   ☐ $ N/A Deductible Collision | | |
|   ☐ Fire, Theft and Combined Additional Coverage | | |
| (3) To liability insurance company | | |
| (4) To _____ | $ N/A | N/A |
| (5) To _____ | $ N/A | N/A |
| (6) To _____ | $ N/A | N/A |
|   [Subtotal for computing credit insurance premium e + f(1) through (6) $ __2188.16__ ] | $ N/A | N/A |
| (7) To credit life insurance company | $ N/A | N/A |
| (8) To credit accident and sickness insurance company | $ N/A | N/A |

Total Amount Paid to Others Which Is Being Financed (Seller may be retaining a portion of this amount) ......... (f) $ __308.66__

(g) Prepaid Finance Charge (Do not finance) ................................................................................... (g) $ __N/A__

(h) Amount Financed (e + f minus g) ......................................................................................... (h) $ __2188.16__

(i) Finance Charge ......................................................................................................... (i) $ __306.64__

(j) Total of Payments (h + i) .............................................................................................. (j) $ __2494.80__

(k) Total Sale Price (d + j) ............................................................................................... (k) $ __3494.80__

## 3. TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | AMOUNT FINANCED The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS The amount I will have paid after I have made all payments as scheduled. | TOTAL SALE PRICE The total cost of my purchase on credit, including my downpayment of $ __1000.00__ | ("e" means an estimate) |
|---|---|---|---|---|---|
| 28.000 % | $ 306.64 | $ 2188.16 | $ 2494.80 | $ 3494.80 | |

My payment Schedule will be:

| Number Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 20 | $ 124.74 | Semi-Mnth BEGINNING 05/14/08 |

**Security.** I am giving a security interest in the goods being purchased.

**Late Charge.** If a payment (other than the final payment) is not paid on or before the 10th day after its due date, I may be charged $ __10.00__ or __5.00__% of the unpaid amount, whichever is less.

**Prepayment.** If I pay off early, I may be entitled to a refund of part of the finance charge.

I should see my contract documents for any additional information about nonpayment, default and any required repayment in full before the scheduled date.

Case 09-02475-pp    Doc 16-6    Filed 08/13/10    Page 2 of 12

(d) **Marital Information. For Wisconsin residents only:** I am ☐ married ☒ unmarried ☐ legally separated. If I am married and my spouse is not signing below the name of my spouse is _____ ☐ the address shown below Section 7 or at ☐ _____ and my spouse resides at

(e) **Marital Purpose.** If I am a married Wisconsin resident, the obligation evidenced by this Agreement is being incurred in the interest of my marriage or family.

X _____
CUSTOMER

(f) **Name and Address.** My legal name is as set forth below Section 7. The address of my principal residence is as set forth below Section 7. I will not change my legal name or address without providing at least 30 days prior written notice of the change to Seller.

(g) **Additional Covenants.** I shall observe and comply with the Additional Provisions on the reverse side and shall not permit an event of default to occur.

## 6. INSURANCE

(a) CREDIT LIFE AND CREDIT ACCIDENT AND SICKNESS INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT, AND WILL NOT BE PROVIDED UNLESS I SIGN AND AGREE TO PAY THE ADDITIONAL COST. I want the insurance at the cost(s) shown below for the term of the Agreement (or ____N/A____ months, whichever is less) subject to terms and conditions of separate policy or certificate of insurance.

(c) I MAY OBTAIN PROPERTY AND LIABILITY INSURANCE FROM ANYONE I WANT THAT IS REASONABLY ACCEPTABLE TO SELLER. If I get the insurance from Seller, I will pay $ ___N/A___

Credit Life Insurance: $ ____N/A____   Credit Accident & Sickness Insurance:

X ____N/A____
INSURED

$ ____N/A____

for estimated term of ____N/A____ months.

X ____N/A____
JOINT INSURED

X ____N/A____
INSURED

(d) **WARNING:** Unless an amount appears on line f(3) of Section 2, insurance coverage hereunder is not public liability insurance and does not protect the driver of the vehicle from liability for damages resulting from negligent use of the vehicle.

(b) DEBT CANCELLATION COVERAGE, SPECIFICALLY CALLED GUARANTEED AUTOMOBILE PROTECTION ("GAP"), IS NOT REQUIRED TO OBTAIN CREDIT AND GAP WILL NOT BE PROVIDED UNLESS I ELECT SUCH COVERAGE AND SIGN AND AGREE TO PAY THE ADDITIONAL COST. I elect GAP for the cost shown below for the original term of this Agreement (or ____ months, whichever is less), subject to terms and conditions of the separate GAP election or description of coverage. GAP coverage cost is $ __N/A__

X ____N/A____
CUSTOMER

X ____N/A____
CUSTOMER

## 7. PERSONS BOUND

"I", "my", "me" and "mine" includes each customer who signs this Agreement and our obligations are joint and several, except that _____
(NAME)
_____ signs below solely to grant a security interest in the Collateral.

This Agreement benefits the Seller, its successors and assigns, and binds me and my heirs, personal representatives, successors and assigns. This Agreement includes the Additional Provisions on the reverse side. I have received a completed copy of this Agreement.

*The Annual Percentage Rate may be negotiable with Seller. Seller may assign this Agreement and retain its right to receive a part of the Finance Charge.*

| NOTICE TO CUSTOMER | (a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. <br> (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. <br> (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. <br> (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF FINANCE CHARGE. |
|---|---|

Dated APRIL 14, 2008

REGENCY AUTO MART

By: _[signature]_ (SEAL)
AUTHORIZED SIGNATURE
4800 76TH
Seller's Address: 4820
MILWAUKEE, WI. 53218

X _J C Cooley_ (SEAL)
J C COOLEY  CUSTOMER

X _Zella James_ (SEAL)
ZELLA M JAMES  CUSTOMER

REGENCY AUTO MART
This Agreement may be assigned to ("Assignee"): _____
4800 N. 76TH STREET MILWAUKEE, WI. 53218

Customer's Address:
6550 N 80 TH STREET #123
MILWAUKEE, WI. 53233  SEE SECTIONS 5 (c), (d) and (f)

*Type or print name signed above.

**For Clerical Use**

This Contract supersedes any other Contract

(1) ORIGINAL ASSIGNEE COPY

Copy of this Agreement to Customer is required.............. ☐ Delivered
If more than one Customer, copy of this Agreement .............. ☐ Agreement Delivered; or
or WBA-156 to other Customers is required ☐ 156 Delivered
If Customer is married and is the only spouse to sign,................ ☐ Agreement Delivered; or
copy of this Agreement or separate notice to other spouse ☐ Notice Delivered
is required

STATE OF WISCONSIN, CIRCUIT COURT, __MILWAUKEE__ COUNTY

Creditor: REGENCY AUTO MART/FINANCE
Address: 4820 N 76th ST
MILWAUKEE, WI 53218

Debtor: ZELLA JAMES
Address: 510 W BURLEIGH ST
MILWAUKEE, WI 53212

and

Garnishee: NEW HEALTH SERVICES

**Earnings Garnishment**

Case No. 08SC03486

AMOUNT $5,000

THE STATE OF WISCONSIN, to the garnishee:

The creditor has been awarded a court judgment that has not been paid. As a result, the creditor claims that the amount owed by the debtor is as follows:

| | |
|---|---|
| Unpaid balance on judgment | $ 2541.78 |
| Unpaid post judgment interest | $ 1.70 per mo. |
| Estimated costs of this earnings garnishment | $ 102.50 |
| Total amount owed by the debtor | $ 2644.28 |

The creditor believes that you will owe the debtor for earnings within the next 13 weeks. If the creditor has tendered to you the $15 fee with these papers, you are directed to complete the activities listed on the back of this form.

Please make check payable to and remit payment to:

**REGENCY AUTO FINANCE**
4820 N. 76th St.
Milwaukee, WI 53218



VOID WITHOUT
PURPLE SEAL

DEBTOR'S COPY

See page 2 of form for further information.

CV-422, 06/02 Earnings Garnishment
2734-1 R4
This form shall not be modified. It may be supplemented with additional material.
§§812.35(2) and 812.44(3), Wisconsin Statutes
Page 1 of 2

Case 09-02475-pp   Doc 16-6   Filed 08/13/10   Page 4 of 12

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY | For Official Use Only |
|---|---|---|---|
| Regency Auto Mart vs. JC Cooley et al | | Notice of Entry of Judgment | |
| | | Case No.: 2008SC034386 | |

REGENCY AUTO MART
4820 N 76 ST
MILWAUKEE WI  53218

A **Judgment for money** was entered on 11-25-2008 as follows:

**In favor of (creditor):**  

Regency Auto Mart
4820 N 76 St
Milwaukee WI  53218

**Creditor's attorney:**

**Against (debtor):**

JC Cooley
6550 N 80 St
Milwaukee WI  53223

Zella James
3524 N 24 St
Milwaukee WI  53206

**Debtor's attorney:**

| | |
|---|---:|
| Amount of Judgment | $ 2244.80 |
| Witness Fee | 0.00 |
| Attorney Fee | 0.00 |
| Service | 70.00 |
| Docketing Fee | 5.00 |
| Other | 132.48 |
| Filing Fee | 89.50 |
| Prejudgment Interest | 0.00 |
| **Total Judgment and Costs** | **$ 2541.78** |

Comments:

Docketing Date: 12-04-2008
Date notice mailed: 12-04-2008

Docketing Time: 09:54 am

**BY THE COURT:**

*John Barrett*

Circuit Court Judge/Commissioner/Clerk

December 4, 2008
Date

Note to Creditor: If the docketing fee is not paid, the judgment will not be docketed.

Distribution:
Court Original
JC Cooley
Regency Auto Mart
Zella James

SC-502(CCAP) 07/2003 Notice of Entry of Judgment

Chapters 48 and 938, Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN, CIRCUIT COURT,** MILWAUKEE **COUNTY**

Creditor: REGENCY AUTO MART/FINANCE
Address: 4820 N 76th ST
MILWAUKEE, WI 53218
Debtor: ZELLA JAMES
Address: 510 W BURLEIGH ST
MILWAUKEE, WI 53212
and
Garnishee: NEW HEALTH SERVICES

**Earnings Garnishment**

SS# 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

Case No. 08SC03486

**AMOUNT $5,000**

THE STATE OF WISCONSIN, to the garnishee:

The creditor has been awarded a court judgment that has not been paid. As a result, the creditor claims that the amount owed by the debtor is as follows:

| | |
|---|---|
| Unpaid balance on judgment | $2541.78 |
| Unpaid post judgment interest | $1% per mo. |
| Estimated costs of this earnings garnishment | $ 102.50 |
| **Total amount owed by the debtor** | $2644.28 |

The creditor believes that you will owe the debtor for earnings within the next 13 weeks. If the creditor has tendered to you the $15 fee with these papers, you are directed to complete the activities listed on the back of this form.

Please make check payable to and remit payment to:

**REGENCY AUTO FINANCE**
4820 N. 76th St.
Milwaukee, WI 53218



VOID WITHOUT
PURPLE SEAL

1/26/09
$115.04/747.76

**GARNISHEE'S COPY**

*See page 2 of form for further information.*

CV-422, 06/02 Earnings Garnishment
2734-1 R4

§§812.35(2) and 812.44(3), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 1 of 2

Debtor: [redacted]
Garnishee: [redacted]
Frequency of Pay: _____
(weekly, bi-weekly, semi-monthly, monthly)

Our file # _____
Case # [redacted]
Start of Pay Period: _____
End of Pay Period: _____

Please make check payable to and remit payment to:
Mrc Receivables Corp.
c/o Rausch, Sturm, Israel & Hornik, S.C.
PO Box 270288
Milwaukee, WI 53227

## WORKSHEET FOR CALCULATION OF WAGES, DEDUCTIONS & GARNISHMENT AMOUNT

| WAGE AND DEDUCTION CALCULATION | |
|---|---|
| 1. Debtor's Gross Earnings | $ 749.00 |
| 2. Less Social Security/Medicare Withholding | - 57.30 |
| 3. Less Federal Tax Withholding | - 82.00 |
| 4. Less State Tax Withholding | - 34.52 |
| 5. Total Debtor's Disposable Earnings | = 575.18 |
| **GARNISHMENT AMOUNT CALCULATION** | |
| 6. 20% of Amount of Line 5 (This is the amount subject to garnishment) | $ 115.04 |
| **IF DEBTOR PAYS COURT ORDERED SUPPORT OR MAINTENANCE** | |
| 7. 25% of Amount of Line 5 | $ 143.80 |
| 8. Court Ordered Assignments | 0 |
| 9. Subtract Amount of Line 8 from Line 7 | = 143.80 |
| 10. Insert the Lesser Amount of Line 9 or Line 6 (This is the amount subject to garnishment) | $ 115.04 |

* Please make copies to complete with each pay period and include when remitting the garnishment payments.

$ 747.76

CAF Date : 01/30/09    Page : 15    Worker : XMI599    CASE : 9129272108

**VERIFICATION**

I understand and acknowledge that the W-2, county or tribal agency and the State Department of Children and Families and Department of Health Services are authorized to request any information that is appropriate and necessary for the proper administration of assistance programs authorized under Wisconsin law (W-2, Health Care which includes Medicaid and BadgerCare Plus, FoodShare, Child Care and the Caretaker Supplement program). Any person, including any financial institution, credit reporting agency, employer, or educational institution is authorized to release this information according to Wisconsin Statue. s.49.22(2m) and s.49.143(53)(m): "The department may request from any person any information it determines appropriate and necessary for the administration of this section. ss.49.19, 49.46, 49.468, 49.47, 49.77, 49.775 and programs carrying out the purposes of USC 2011-2029. Any person in this state shall provide this information within 7 days after receiving a request under this subsection."

SIGN IN THE PRESENCE OF AN AGENCY REPRESENTATIVE
ONLY ONE SIGNATURE IS REQUIRED FOR HOUSEHOLDS
APPLYING FOR FOODSHARE ALONE

I understand the questions and statements on this application form. I understand the penalties for giving false information or breaking the rules. I certify, under penalty of perjury and false swearing, that all my answers are correct and complete to the best of my knowledge, including information about the citizenship or alien status of each household member applying for benefits. I understand that the agency may contact other persons or organizations to obtain the necessary proof of my eligibility and level of benefits.

___ I understand that I am not required to report a reduction or loss of income; however, I may be entitled to a higher FoodShare benefit if I do. I understand that as long as I do not report a reduction in my households monthly income or the loss of any household income, that I will not receive any resulting increase in my FoodShare benefit.
___ I have received and understand the Addendum to the Application, Statements and Warnings.
___ I have provided job and education history in order for the worker to complete a job readiness screening.
___ Failure to report or verify any listed expenses will be seen as a statement by me that I do not want to receive a deduction for the unreported or unverified expenses.

SIGNATURE _____ 1-30-09    Other Adult _____ Date
Primary Person       Date         (Not FoodShare Only)

SIGNATURE _____ Date         Other Adult _____ Date
Authorized Representative         (Not FoodShare Only)

SIGNATURE _____ 1-30-09    Other Adult _____ Date
Agency Witness       Date

Printed Date : 01/30/09    Time : 16:52

CAF Date : 01/30/09    Page : 15   Worker : XMT599    CASE : 9129272108

**VERIFICATION**

I understand and acknowledge that the W-2, county or tribal agency and the State Department of Children and Families and Department of Health Services are authorized to request any information that is appropriate and necessary for the proper administration of assistance programs authorized under Wisconsin law (W-2, Health Care which includes Medicaid and BadgerCare Plus, FoodShare, Child Care and the Caretaker Supplement program). Any person, including any financial institution, credit reporting agency, employer, or educational institution is authorized to release this information according to Wisconsin Statue. S.49.22(2m) and s.49.14](53(a):
"The department may request from any person any information it determines appropriate and necessary for the administration of this section, ss.49.19, 49.46, 49.468, 49.47,49.77, 49.775 and programs carrying out the purposes of USC 2011-2029. Any person in this state shall provide this information within 7 days after receiving a request under this subsection."

SIGN IN THE PRESENCE OF AN AGENCY REPRESENTATIVE
ONLY ONE SIGNATURE IS REQUIRED FOR HOUSEHOLDS
APPLYING FOR FOODSHARE ALONE

I understand the questions and statements on this application form. I understand the penalties for giving false information or breaking the rules. I certify, under penalty of perjury and false swearing, that all my answers are correct and complete to the best of my knowledge, including information about the citizenship or alien status of each household member applying for benefits. I understand that the agency may contact other persons or organizations to obtain the necessary proof of my eligibility and level of benefits.

___ I understand that I am not required to report a reduction or loss of income, however, I may be entitled to a higher FoodShare benefit if I do. I understand that as long as I do not report a reduction in my households monthly income or the loss of any household income, that I will not receive any resulting increase in my FoodShare benefit.
___ I have received and understand the Addendum to the Application, Statements and Warnings.
___ I have provided job and education history in order for the worker to complete a job readiness screening.
___ Failure to report or verify any listed expenses will be seen as a statement by me that I do not want to receive a deduction for the unreported or unverified expenses.

SIGNATURE _____ 1-30-09   Other Adult _____ Date
Primary Person           Date         (Not FoodShare Only)

SIGNATURE _____
Authorized Representative   Date      Other Adult _____ Date
                                      (Not FoodShare Only)

SIGNATURE _____ 1-30-09   Other Adult _____ Date
Agency Witness           Date

Printed Date : 01/30/09    Time : 16:52

...NCE

30551
79-1198/759 5454
0040001855

DATE 1/13/09

...lth Services                                    $ 15.00

T~~HE~~ ~~SUM~~ 1500¢

DOLLARS

*Linda L Gavin*

⑇1855⑇

**REGENCY AUTO FINANCE**
4820 N 76TH ST
MILWAUKEE, WI 53218-3825
PH 414-438-8880

30551
79-1198/759 5454
0040001855

DATE 1/13/09

PAY TO THE ORDER OF  New Health Services         $ 15.00

THE SUM 1500¢                              DOLLARS

Wells Fargo Bank, N.A.
Wisconsin
wellsfargo.com

FOR _____              Linda L Gavin

⑇000030551⑇          ⑇1855⑇

## Regency • Auto • Finance

4820 North 76th Street • Milwaukee, Wisconsin 53218
Phone (414) 438-8880 • Fax (414) 438-8884

April 7, 2009

ATTN PAYROLL

RE: Zella James
SS#XXX-XX-4296
CASE # 08SC034386

Dear Payroll Manager:

I have received notice that Ms. James filed a Chapter 7 bankruptcy on 4/2/09. Please discontinue any further deductions from her wages until further notice.

Thank you for your cooperation. Please contact me if you have any further questions or concerns.

Sincerely,

*Linda L. Gavin*

Linda L. Gavin
Legal Manager

enc.



ENTERED
4/13/09